Bell, J.,
dissenting. Amended Senate Bill No. 242, which contains the sections of the Revised Code under consideration herein, was enacted in a special session of the General Assembly in July 1953 and was effective January 1, 1954. The title of the act specifies, among other intentions, an intent “to correct technical errors and inconsistencies in the election laws in order to provide for a more uniform operation of these laws throughout the state.”
Without attempting a detailed comparison of the sections, it is apparent, from reading together the sections pertaining to candidacy for a party nomination and those pertaining to independent candidacy, that an attempt was made by the General Assembly to harmonize the two procedures. In the respective sections, provisions for filing fees, for declaring candidacy, and for time of filing are almost identical.
It is contended by relator, which contention is accepted by the majority herein, that the General Assembly provided for two separate and distinct procedures. And since Section 3513. 09, Revised Code, requires that the declaration of candidacy for a party nomination must be signed prior to the circulation of the petition, if the petition consists of more than one petition paper, and since nothing is said in Section 3513.261 about signing the declaration prior to placing signatures on the nominating petition, there is no requirement that the latter be signed prior to the signatures on the petition.
Such an interpretation appears to the writer to be out of harmony with the expressed intention of the Legislature to provide for a more uniform operation of the election laws.
*187 Section 3513.261, Bevised Code, recognizes that the petition filed by an independent candidate may consist of more than one petition paper. Can it be contended seriously that the provision of Section 3513.09, regarding the signing of only one of such petition papers, would not apply to the independent candidate’s petition? If the two sections may be read in pari materia for one purpose, should they not be so read for all purposes?
Sections 4785-91 and 4785-92, General Code, provided for the nomination of an independent candidate followed by a separate written acceptance thereof by the candidate. The form prescribed by the Legislature was a nominating petition only. In 1954, Section 3513.261, Bevised Code, changed that procedure. It provides for a statement of candidacy first, and then the nominating signatures. And that order appears to the writer to be the logical one. How can one be a candidate prior to his signing a declaration of candidacy?
If the signature space for the candidate may be left blank until after the petition, is signed, why, then, may not the space for the name of the office be left blank, or the term, in the event it is a judicial office? Assuming a member of a court should run independently, could he declare his candidacy “for the full term” and later, after his petition is signed and after he has determined who his opponent will be, fill in the particular term? It may be argued that this situation could not arise because both the name and office must be written in the heading to the petition. It is to be noted, however, that there is no affidavit following the petition which pertains to either the name or the office and no resultant penalty would accompany the changing of either the name or the office after the nominating signatures had been affixed.
It appears obvious to me that the Legislature intended that the signing and subscribing of the declaration of candidacy on the independent nominating petition should precede the obtaining of nominating signatures. The action of the board of elections in refusing to certify relator’s candidacy should be approved, and the demurrer to the petition should be sustained.
Matthias, J., concurs in the foregoing dissenting opinion.